UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES WEST,<br><br>        Plaintiff,<br><br>v.<br><br>SUNNYVALE/SANTA CLARA EL POLLO LOCO, et al.,<br><br>        Defendants. | Case No. 24-cv-01840-HSG<br><br>**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 54 |

Pending before the Court is the motion for summary judgment filed by Defendants Sunnyvale/Santa Clara El Pollo Loco. Dkt. No. 54. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons detailed below, the Court **GRANTS** the motion.

I. **BACKGROUND**

Pro se Plaintiff James West initially filed this case against Defendants in March 2024.[1] *See* Dkt. No. 1 ("Compl."). In the complaint, Plaintiff contends that he was refused service at two different El Pollo Loco restaurant locations because of his race. *See id.* Plaintiff alleges that he is African American and gender non-conforming, and participates in the "California Restaurant Meals Program" ("RMP"), commonly referred to as the Electronic Benefits Transfer or "EBT." *See id.* at ¶ 1. He states that he attempted to order at El Pollo Loco restaurants in San Jose and Sunnyvale, California as part of this program. *Id.* at ¶ 2. However, he states that he was not permitted to obtain a discounted meal. *Id.* at ¶ 3. Despite complaints, Plaintiff alleges that this treatment continued from May 2021 through April 2022, and he received burned or incomplete

---

[1] Defendants include W.K.S. Restaurant Corp. and El Pollo Loco Holdings, Inc.

1  meals and was charged higher prices than he should have been. *Id.* at ¶¶ 4–6. In March 2024, the
2  store manager at the Sunnyvale location called the police when Plaintiff tried to purchase a meal
3  there. *See id.* at ¶ 7. Plaintiff contends that "white, [A]sian and [L]atino customers were never
4  treated this way." *See id.* at ¶ 3. Based on these allegations, Plaintiff brings claims for race
5  discrimination under Title VI of the Civil Rights Act of 1964, the California Unruh Civil Rights
6  Act, negligence, and what he styles as a "ratification claim."[2] *See* Compl. at 6–7.

Defendants, for their part, state that Plaintiff was denied service, and the police were called, because of his erratic behavior, and not because of his race. Defendants have moved for summary judgment. Dkt. No. 54.

## II.    LEGAL STANDARD

Summary judgment is proper when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). And a dispute is "genuine" if there is evidence in the record sufficient for a reasonable trier of fact to decide in favor of the nonmoving party. *Id.* But in deciding if a dispute is genuine, the court must view the inferences reasonably drawn from the materials in the record in the light most favorable to the nonmoving party, *Matsushita*, 475 U.S. at 587–88, and "may not weigh the evidence or make credibility determinations," *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997), *overruled on other grounds by Shakur v. Schriro*, 514 F.3d 878, 884–85 (9th Cir. 2008).

The moving party bears the initial burden of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The burden then shifts to the nonmoving party to "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *See*

---

[2] Plaintiff appears to acknowledge that the reference to Title VII in the complaint was an error and he is not pursuing such a claim. *See* Dkt. No. 71 ("[T]here is no cause of action for Title VII (7). The Title VII reference in the original complaint was the result of a clerical typographical error.").

2

1  *id.* at 324 (quoting Fed. R. Civ. P. 56(e) (amended 2010)).  The nonmoving party must show more
2  than "the mere existence of a scintilla of evidence."  *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376,
3  387 (9th Cir. 2010) (citing *Liberty Lobby*, 477 U.S. at 252).  "In fact, the non-moving party must
4  come forth with evidence from which a jury could reasonably render a verdict in the non-moving
5  party's favor."  *Id.* (citing *Liberty Lobby*, 477 U.S. at 252).  If the nonmoving party fails to make
6  this showing, "the moving party is entitled to judgment as a matter of law."  *Celotex Corp.*, 477
7  U.S. at 323.  If a court finds that there is no genuine dispute of material fact as to only a single
8  claim or defense or as to part of a claim or defense, it may enter partial summary judgment.  Fed.
9  R. Civ. P. 56(a).

## III.   DISCUSSION

Defendants raise several arguments, both factual and legal, in support of their motion for summary judgment.  *See* Dkt. No. 54-1.  In opposition, Plaintiff does not respond to any of these arguments.  Rather, he cites Federal Rule of Civil Procedure 56(d) and suggests that further discovery is needed for him to respond.  *See* Dkt. No. 57.

As an initial matter, the Court finds that Plaintiff has had ample opportunity to obtain discovery from Defendants.  Plaintiff filed this case in March 2024, and the Court initially set the close of fact discovery as April 11, 2025.  *See* Dkt. No. 32.  On the day that discovery was set to close, Plaintiff asked for a 60-day extension.  Dkt. No. 43.  He stated that in January 2025 he had treatment for anxiety and a sleep disorder, and that in March 2025 he broke his foot and was still recovering.  *See id.* at 1–3.  Plaintiff further suggested that as a pro se party he was limited in his ability to serve and respond to discovery, and thus required additional time.  *See id.* at 3–5.  The Court granted this request, and set June 20, 2025, as the close of both fact and expert discovery. Dkt. No. 44.  The Court cautioned the parties that it was "disinclined to grant any further extensions of time in this straightforward case, and the parties must complete all discovery as required by the revised schedule . . . ."  *Id.*

In May 2025 Plaintiff filed an administrative motion to excuse his untimely discovery responses, Dkt. No. 45, and an administrative motion regarding the number of parties and interrogatories, Dkt. No. 47.  The Court referred these motions, and all other discovery matters, to

3

1   Magistrate Judge Sallie Kim. *See* Dkt. Nos. 48, 53. Shortly thereafter, Judge Kim granted

2   Plaintiff additional time to respond to Defendants' discovery requests, but denied his request

3   regarding the interrogatories he could serve. *See* Dkt. No. 51. Specifically, Judge Kim held that

4   Plaintiff could only serve 25 interrogatories on the two Defendants that had been served and

5   appeared in this case—W.K.S. Restaurant Corp. and El Pollo Loco Holdings, Inc.—but not on

6   "Sunnyvale/Santa Clara El Pollo Loco," the specific restaurant locations that had not been served.

7   *See id.* at 2. Approximately a month after this order, and the day that discovery was set to close,

8   Plaintiff filed a motion for reconsideration with Judge Kim. *See* Dkt. No. 52. Plaintiff explained

9   that the Sunnyvale and San Jose El Pollo Loco restaurants on which he wanted to serve discovery

10  are now both owned and managed by Defendant W.K.S. Restaurant Corporation, but may have

11  been owned and managed by different companies at the time of the alleged discrimination. *See id.*

12  Plaintiff did not explain why, under these circumstances, it was insufficient to seek discovery from

13  Defendant W.K.S. Restaurant Corporation. In any event, Judge Kim denied this motion. Dkt. No.

14  53. Plaintiff did not seek further relief from this Court from either Judge Kim's orders or the

15  discovery deadlines.[3]

16       Now, in opposition to Defendants' motion for summary judgment, Plaintiff urges that

17  more discovery is needed. *See* Dkt. No. 57. Plaintiff suggests that "Defendants are withholding

18  key documents and responses needed" to respond to the motion for summary judgment. *Id.* at 6.

19  Specifically, Plaintiff wants Defendants' RMP applications. *See id.* at 2–3. He states that the

20  RMP documents that Defendants produced in discovery are deficient because they were generic

21  templates. *Id.* Plaintiff also has requested, but not yet received, body cam footage from the police

22  officers and the 911 dispatch call for the incident at the Sunnyvale location. *See id.* at 3.

23  Elsewhere Plaintiff also suggests that Defendants may have other relevant "photographic or video

24  evidence[]." *See id.* at 7. He does not explain what this is.

25       At summary judgment, where "a nonmovant shows by affidavit or declaration that, for

---

[3] In mid-July 2025, Plaintiff requested an extension of time for file his opposition to the motion for summary judgment, Dkt. No. 57, which the Court granted, Dkt. No. 56. The Court again cautioned Plaintiff "that the Court will not grant any further extensions of these deadlines, and he must be prepared to litigate his case." *Id.*

4

specified reasons, it cannot present facts essential to justify its opposition," a court may "defer considering the motion or deny it." Fed. R. Civ. P. 56(d)(1).  A party seeking relief under Rule 56(d) must show "(1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are essential to resist the summary judgment motion." *State of Cal., on Behalf of Cal. Dept. of Toxic Substances Control v. Campbell*, 138 F.3d 772, 780 (9th Cir. 1998).  Plaintiff must have also diligently pursued the requested discovery.  *See Conkle v. Jeong*, 73 F.3d 909, 914 (9th Cir. 1995).  Plaintiff has not met these requirements.

Most fundamentally, Plaintiff's claims are all premised on the idea that Defendants discriminated against him because of his race.[4]  But Plaintiff has not provided any evidence that Defendants acted with discriminatory motive, and the discovery Plaintiff now seeks would not fill in this missing piece in his case or address Defendants' contrary evidence.  The record before the Court indicates that Defendants called the police in response to Plaintiff's erratic behavior at the restaurants on the days in question.  Several employees state that Plaintiff was scaring staff as well as customers, and that he refused to leave the premises when asked.  *See* Dkt. No. 54-3 ("Xiloj Decl.") at ¶¶ 1–4; Dkt. No. 54-4 ("Chanchavac Decl.") at ¶¶ 1–4; Dkt. No. 54-5 ("Ramos Decl.") at ¶¶ 1–4.  Moreover, employees state that Plaintiff was not banned from the restaurants as a result of these incidents, and he has since returned and been served.  *See* Xiloj Decl. at ¶ 7; Chanchavac Decl. at ¶ 7; Ramos Decl. at ¶ 7.  Plaintiff offers no contrary evidence, nor does he explain how the discovery he now seeks would raise a factual dispute precluding summary judgment.  Accordingly, Plaintiff has not shown that the evidence he now seeks is "essential to resist the summary judgment motion."  *Campbell*, 138 F.3d at 780.

---

[4] *See, e.g.*, *Fobbs v. Holy Cross Health Sys. Corp.*, 29 F.3d 1439, 1447 (9th Cir. 1994), *overruled on other grounds by Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131 (9th Cir. 2001) ("To state a claim for damages under [Title VI] a plaintiff must allege that (1) the entity involved is engaging in racial discrimination; and (2) the entity involved is receiving federal financial assistance."); *White v. Square, Inc.*, 7 Cal. 5th 1019, 1023, 1025 (Cal. 2019) ("[A] person suffers discrimination under the [Unruh Civil Rights Act] when the person presents himself or herself to a business with an intent to use its services but encounters an exclusionary policy or practice that prevents him or her from using those services."); *see also Castellon v. U.S. Bancorp*, 220 Cal. App. 4th 994, 998 (Cal. Ct. App. 2013) ("The elements of a negligence cause of action are the existence of a legal duty of care, breach of that duty, and proximate cause resulting in injury.").

1       Even if Defendants' RMP application and the audio and video footage from the Sunnyvale
2  police could be considered essential, Plaintiff also has not shown that he has pursued this
3  information diligently.  Plaintiff had over a year to obtain the necessary discovery for his case.
4  The Court even granted Plaintiff an extension of time for discovery.  *See* Dkt. No. 44.  Throughout
5  his filings, Plaintiff has alluded to the difficulties in litigating this case pro se, especially given his
6  anxiety.  In his opposition to the motion for summary judgment, for example, he suggests that he
7  was unable to request a further extension of the discovery deadline because he was "experiencing
8  and undergoing treatment for a disabling mental health disorder."  *See* Dkt. No. 57 at 3.  The
9  Court does not minimize the difficulty in litigating any federal case pro se, especially when
10 coupled with health challenges.  But as the Court repeatedly explained, Plaintiff is nonetheless
11 required to meet court deadlines and pursue his case diligently.

   Moreover, the Court notes that Plaintiff appears willing and able to file documents with the Court when it serves him.  For example, since the Court granted Plaintiff's requested discovery extension he has filed:

- Two administrative motions regarding discovery, Dkt. Nos. 45–46;
- A motion for reconsideration of Judge Kim's order, Dkt. No. 52;
- An administrative motion for an extension of time to file his opposition to the motion for summary judgment, Dkt. No. 55;
- His opposition brief, Dkt. No. 57; and
- His pretrial filings, including witness lists and proposed jury instructions and verdict form, Dkt. No. 65–68, 70–71.

Plaintiff offers no explanation why he could prepare and file these documents but could not timely pursue the discovery he now seeks.  Plaintiff is not free to litigate this case only when convenient to him and his schedule.  Nor may he use untimely requests for discovery to forestall final resolution of this case.

   The Court **DENIES** Plaintiff's request under Federal Rule of Civil Procedure 56(d) for additional time for discovery and considers the merits of the motion for summary judgment.

6

\*   \*   \*

As already noted above, Plaintiff has not offered any substantive response to Defendants' motion for summary judgment or their proffered evidence. The complaint only contains a high-level allegation that Defendants discriminated against him because of his race. *See generally* Compl. But Plaintiff has not provided any evidence supporting this assertion or from which a jury could reasonably render a verdict in his favor as to any of his claims. This is plainly insufficient. The Court finds that summary judgment is thus warranted and **GRANTS** the motion on this basis.

## IV.   CONCLUSION

The Court therefore **GRANTS** the motion for summary judgment. Dkt. No. 54. The Clerk is directed to enter judgment in favor of Defendants and against Plaintiff and to close the case.

**IT IS SO ORDERED.**

Dated:   10/21/205

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge