UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES WEST,

             Plaintiff,

     v.

SUNNYVALE/SANTA CLARA EL
POLLO LOCO, et al.,

             Defendants.

Case No. 24-cv-01840-HSG

**ORDER DENYING MOTIONS TO SET ASIDE JUDGMENT**

Re: Dkt. Nos. 74, 75

On October 21, 2025, the Court granted Defendants' motion for summary judgment, entered judgment in favor of Defendants, and closed the case. Dkt. No. 72. On November 18, 2025, pro se Plaintiff James West filed two motions to set aside the judgment under Federal Rules of Civil Procedure 59 and 60. Dkt. Nos. 74, 75.

Under Rule 59(e), "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The Ninth Circuit has clarified that such motions may only be granted in limited circumstances: "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *See Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001).

Rule 60(b), in turn, permits a party to seek relief from a final judgment where one or more of the following is shown: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence, which by reasonable diligence could not have been discovered sooner; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; and (6) any other reason justifying relief. *See* Fed. R. Civ. P. 60(b). Rule 60(b)(6) is a "catchall provision" that "has been used sparingly as an equitable remedy to prevent manifest injustice and

1    is to be utilized only where extraordinary circumstances prevented a party from taking timely

2    action to prevent or correct an erroneous judgment." *United States v. Washington*, 593 F.3d 790,

3    797 (9th Cir. 2010) (quotation omitted).

4        Here, Plaintiff's arguments under Rule 59 and under Rule 60 are largely the same and the

5    Court considers them collectively. *Compare* Dkt. No. 74, *with* Dkt. No. 75. Plaintiff offers

6    several reasons why the Court should reconsider its summary judgment order, but the Court is not

7    persuaded. At bottom, Plaintiff alleges that he was discriminated against and refused service

8    based on his race. *See* Dkt. No. 1 ("Compl.") at 6–7. Critically, however, Plaintiff still offers no

9    evidence that Defendants acted with discriminatory motive.

10        *First*, Plaintiff states that he has obtained newly discovered evidence, including body

11    camera footage from the City of Sunnyvale Police Department when they were called to the

12    Sunnyvale El Pollo Loco restaurant location in 2022. *See* Dkt. No. 74 at 3–5; Dkt. No. 75 at 5–7.

13    According to Plaintiff, he received this footage after briefing on summary judgment was complete,

14    and less than two weeks before the Court's order on the motion for summary judgment. *Id.* at 3.

15    As an initial matter, Plaintiff suggests that he was diligent in pursuing this footage but could not

16    have obtained it sooner because the police department intentionally delayed the production based

17    on hostility toward Plaintiff. *See id.* at 3; *see also* Dkt. No. 86 at 3, 6–7. The Court need not

18    determine whether Plaintiff actually acted diligently in pursuing this footage, however, because it

19    does not alter the Court's summary judgment analysis.

20        Plaintiff argues that despite claiming in the complaint that El Pollo Loco employees called

21    the police on him in March 2024, the footage actually indicates that the police were called in

22    March 2022.[1] *See* Dkt. No. 74 at 5–6. Plaintiff claims that he made a "typographical" error in the

23    complaint. *Id.* But rather than undermining Plaintiff's own credibility, he suggests that this

24    somehow undermines the credibility of Defendants, and raises a factual dispute about the year of

25    the incident. *See id.*; *see also* Dkt. No. 86 at 4, 7. But the year of the incident was not material to

26

27    _____
      [1] The Court notes that Plaintiff does not appear to provide the actual footage for the Court's
      consideration, just the paperwork containing an expired link that he received from the Sunnyvale
28    Police Department. *See* Dkt. No. 74-1, Ex. 2. Nevertheless, for purposes of these motions, the
      Court accepts Plaintiff's characterization of the footage.

United States District Court
Northern District of California

United States District Court
Northern District of California

the Court's order granting summary judgment.  Moreover, Plaintiff appears to acknowledge that Petra Ramos was there on the day of the 2022 incident and appears in the body camera footage. *See id.* at 4.  In the declaration from Ms. Ramos filed in support of summary judgment, she described that following a pricing dispute at the restaurant Plaintiff "was unreasonable, erratic, and displaying disturbing behavior" so she called the police.  *See* Dkt. No. 54-5 at ¶ 3.  Plaintiff states that Ms. Ramos did not tell police in the body camera footage that Plaintiff was erratic, and that instead she appeared "indifferen[t]" when asked whether she wanted Plaintiff restrained from returning to the restaurant.  *See* Dkt. No. 73 at 4.  But this also does not raise a material dispute of fact that would have precluded summary judgment.  To the contrary, Ms. Ramos stated that Plaintiff "was very rude and challenging," but that the employees declined to file a restraining order against him.  *See* Dkt. No. 54-5 at ¶ 4.  Ms. Ramos further stated that Plaintiff had returned to and been served at the restaurant since the incident.  *See id.* at ¶ 7.  Nothing in the footage, even as described by Plaintiff, suggests that Defendants discriminated or retaliated against Plaintiff because of his race.[2]

Plaintiff similarly argues that he obtained newly discovered evidence regarding Defendants' participation in the California Restaurant Meals Program" ("RMP"), despite Defendants withholding this information in discovery.  *See* Dkt. No. 74 at 5–7; *see also* Dkt. No. 74-1, Ex. 3 – Ex. 3.10.  But the Court addressed Plaintiff's lack of diligence in pursuing these documents in the order granting summary judgment.  *See* Dkt. No. 72 at 4–6.  Even setting that aside, the purportedly "new" evidence does not raise a material dispute that would have precluded summary judgment.  Plaintiff suggests, for example, that the documents "raise a genu[i]ne issue of whether El Pollo Loco is a recipient of federal funds and a participant in a federal program subject to Title VI compliance."  *See* Dkt. No. 74 at 6.  But the documents simply show that Defendants

---

[2] As Defendants point out, at least some of Plaintiff's claims would also likely be barred by the statute of limitations to the extent they are based on an incident from March 24, 2022, rather than March 24, 2024.  *See Taylor v. Regents of Univ. of California*, 993 F.2d 710, 712 (9th Cir. 1993) (holding statute of limitations for Title VI claims is the same as for § 1983 claims); *Alameda Books, Inc. v. City of Los Angeles*, 631 F.3d 1031, 1041 (9th Cir. 2011) (statute of limitations for § 1983 claims is the "personal injury statute of limitations of the state in which the cause of action arose"); Cal. Civ. Proc. Code § 335.1 (personal injury statute of limitations in California is two years).

1    participated in the RMP, which Defendants do not dispute.  The Court also did not grant summary

2    judgment based on a conclusion that Defendants were not subject to Title VI.  *See generally* Dkt.

3    No. 72.

4        Plaintiff also suggests that this evidence undermines the declaration that Defendants

5    previously filed from Michael W. Simmons, the Senior Vice President for W.K.S. Restaurant

6    Corp.  *See* Dkt. No. 74 at 5.  Plaintiff points out that Mr. Simmons did not sign the RMP

7    documents and was not present during the alleged incident in 2022.  *Id.*  But Mr. Simmons'

8    declaration was based on his knowledge as Senior Vice President, and merely confirmed that

9    Defendants participated in the RMP Program.  *See* Dkt. No. 54-2.  He also stated that to his

10   knowledge neither he nor any employees made decisions about serving Plaintiff based on his race,

11   gender, or other protected category, and Plaintiff was not banned from El Pollo Loco restaurants.

12   *Id.*  Nothing in the evidence that Plaintiff now points to undermines Mr. Simmons' business

13   knowledge.  Nor would the Court's analysis have differed in the absence of his declaration.

14       *Lastly*, Plaintiff highlights myriad personal challenges that he has faced as a pro se litigant

15   and gender non-conforming male in pursuing his case.  *See, e.g.*, Dkt. No. 74 at 7; Dkt. No. 75 at

16   4, 8–11.  He states, for example, that he misunderstood his need to substantively oppose the

17   motion for summary judgment.  *See* Dkt. No. 75 at 3–4.  However, even now, Plaintiff still fails to

18   offer any substantive argument that would preclude summary judgment in Defendants' favor.

19   Plaintiff also states that he "was subjected to harassment and intimidation" by third parties,

20   including the police and individuals in the parking lot of the Santa Clara County Law Library; that

21   he suffers from mental and physical disabilities; and that he had limited resources to litigate his

22   case.  *See* Dkt. No. 74 at 3–4; Dkt. No. 75 at 8–11.  As stated in the summary judgment order,

23   "[t]he Court does not minimize the difficulty in litigating any federal case pro se, especially when

24   coupled with health challenges."  Dkt. No. 72 at 6.  Still, "Plaintiff is nonetheless required to meet

25   court deadlines and pursue his case diligently."  *Id.*  The Court afforded Plaintiff ample time to

26   obtain discovery and oppose summary judgment.  Plaintiff's personal challenges do not entitle

27   him to reconsideration.

28       The Court accordingly **DENIES** the motions for reconsideration.  Dkt. Nos. 74, 75.  The

United States District Court
Northern District of California

4

1   Court notes that Plaintiff has filed a notice of appeal, Dkt. No. 80, and the court of appeals is the

2   appropriate venue for him to seek adjudication of any disagreements with the Court's orders.

3          **IT IS SO ORDERED.**

4   Dated:   1/5/2026

5

6   HAYWOOD S. GILLIAM, JR.
    United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California