UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| JAMES WEST,<br><br>             Plaintiff,<br><br>      v.<br><br>SUNNYVALE/SANTA CLARA EL<br>POLLO LOCO, et al.,<br><br>             Defendants. | Case No.  24-cv-01840-HSG<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT AND DENYING MOTION FOR RELIEF FROM THE JUDGMENT**<br><br>Re: Dkt. No. 95 |

Pending before the Court is *pro se* Plaintiff James West's ("Plaintiff") renewed Motion pursuant to Federal Rules of Civil Procedure 59(e) and 60(b) to alter or amend the judgment and for relief from the judgment.  *See* Plaintiff's Motion to Alter or Amend Judgment and/or for Relief from Judgment ("Mot."), Dkt. No. 95.  The Motion also appears to be brought under Civil Local Rule 7-9, as a motion to reconsider the Court's January 5, 2026 denial of Plaintiff's prior motions under Federal Rules of Civil Procedure 59(e) and 60(b).  For the reasons detailed below, the Court **DENIES** Plaintiff's motion.

## I.    BACKGROUND

On January 5, 2026, the Court denied Plaintiff's two motions to set aside the judgment (*see* Dkt. Nos. 74, 75) under Federal Rules of Civil Procedure 59 and 60.[1]  January 5, 2026 Order, Dkt. No. 93.  The Court found no basis to reconsider its October 21, 2025 summary judgment order (*see* Dkt. No. 72).  *See* January 5, 2026 Order, at 2.  Accepting Plaintiff's characterization of the body camera footage he had obtained and presented as "newly discovered evidence," the Court determined that the footage "does not alter the Court's summary judgment analysis."  *See* January

---

[1] Because Plaintiff's arguments under Rule 59 and under Rule 60 were largely the same, the Court considered them together.  *Compare* Dkt. No. 74 *with* Dkt. No. 75.

5, 2026 Order, at 2, 2 n.1. None of the evidence, "even as described by Plaintiff," changed the basis for the Court's order granting summary judgment or "suggest[ed] that Defendants discriminated or retaliated against Plaintiff because of his race." *See* January 5, 2026 Order, at 2-3. Further, Plaintiff's "newly discovered evidence" regarding Defendants' participation in the California Restaurant Meals Program was undisputed by Defendants and irrelevant to the Court's summary judgment order, as the Court did not grant summary judgment based on a conclusion that Defendants were not required to comply with Title VI. *See* January 5, 2026 Order, at 3-4.

On January 15, 2026, Plaintiff filed a notice alerting the Court to audio and video exhibits that were filed on the same date as Plaintiff's first motions to set aside the judgment. Notice of Exhibits, Dkt. No. 94. Two weeks later, Plaintiff renewed his motion to alter or amend the judgment and motion for relief from the judgment.[2] *See generally* Mot.

## II.    LEGAL STANDARD

Under Rule 59(e), "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The Ninth Circuit has clarified that such motions may only be granted in limited circumstances: "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *See Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001).

Rule 60(b), in turn, permits a party to seek relief from a final judgment where one or more of the following is shown: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence, which by reasonable diligence could not have been discovered sooner; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; and (6) any other reason justifying relief. *See* Fed. R. Civ. P. 60(b). Rule 60(b)(6) is a "catchall provision" that "has been used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *United States v. Washington*, 593 F.3d 790,

---

[2] Plaintiff's renewed Motion does not appear to distinguish between Rule 59(e) and Rule 60(b).

2

United States District Court
Northern District of California

797 (9th Cir. 2010) (quotation omitted).

Finally, the Northern District's Civil Local Rule 7-9 permits a party request leave to move for reconsideration, provided the moving party shows one of the following:  (1) a material difference in fact or law exists from that which was previously presented to the Court; (2) the emergence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments presented to the Court before such order.  Civ. L-R 7-9(b)(1)-(3).

## III.    DISCUSSION

### A.    Plaintiff's Motion for Reconsideration of the January 5, 2026 Order

The Court acknowledges that, contrary to the characterization in the January 5, 2026 Order, Plaintiff did submit audio and video footage in November 2025, after the Court issued its summary judgment order.  *Compare* January 5, 2026 Order at 2 and n.2 with Dkt. No. 94.[3]  The Court's mistake, and not any failure by Plaintiff, was responsible for the Court not reviewing those materials before it issued the January 5, 2026 Order.  However, that mistake did not prejudice Plaintiff, and does not lead to any different outcome here, for two reasons.  First, in the January 5, 2026 Order, the Court accepted Plaintiff's characterization of the body camera footage he had submitted.  *See* January 5, 2026 Order at 2 n.1 ("[F]or the purposes of these motions, the Court accepts Plaintiff's characterization of the footage.").  Second, having now reviewed the audio recording and video footage submitted by Plaintiff, those materials in no way change the Court's ruling declining to set aside the judgment, because they still do not raise any material factual dispute as to Plaintiff's claim that Defendants intentionally discriminated or retaliated against him because of his race.  In other words, it remains the case that, as the Court found in granting summary judgment, nothing in the record could lead a reasonable jury to find in Plaintiff's favor.  *See* January 5, 2026 Order at 2 ("Critically, however, Plaintiff still offers no evidence that Defendants acted with discriminatory motive.").  Accordingly, there has been no "manifest failure . . . to consider material facts," and the Court thus **DENIES** Plaintiff's motion for reconsideration.

---

[3] The undersigned overlooked Plaintiff's submission of these materials due to a recent change in the Court's process for parties to submit such materials.

*See* Civ. L-R 7-9(b)(3).

### B.    Plaintiff's Motion to Seek Relief from the Judgment

As an initial matter, the Court construes Plaintiff's Motion as one properly brought pursuant to Rule 60(b), as Rule 59(e) requires a party moving to alter or amend the judgment to do so 28 days after judgment has been entered. *See* Fed. R. Civ. P. 59(e). Judgment here was entered six months ago, on October 21, 2025. Dkt. No. 73.

Plaintiff now argues that he has obtained newly discovered evidence not before the Court when it issued its decision on Defendants' motion for summary judgment. Specifically, Plaintiff asserts that now before the Court are Memoranda of Understanding between the County of Santa Clara and the managing member of El Pollo Loco, LLC.[4] Mot. at 2-3; *see* Exs. 1 & 2 to Mot. However, setting aside whether Plaintiff was reasonably diligent in obtaining this "newly discovered evidence," the Court again concludes that these documents do not raise any material dispute of fact that would have precluded summary judgment. The documents simply show that Defendants participated in the CalFresh Restaurant Meals Program. *See* Exs. 1 & 2 to Mot. This fact is undisputed, and more importantly, it is immaterial to the Court's summary judgment order. The Court granted Defendants' motion for summary judgment because Plaintiff did not provide any evidence supporting his assertion that Defendants discriminated against him because of his race. *See* Dkt. No. 72 at 5-7.

## IV.    CONCLUSION

The Court **DENIES** Plaintiff's renewed Motion pursuant to Federal Rules of Civil Procedure 59(e) and 60(b) to alter or amend the judgment and for relief from the judgment. Dkt. No. 95.

//

//

//

//

---

[4] "El Pollo Loco, LLC" is erroneously identified in the Complaint as "Sunnyvale/Santa Clara El Pollo Loco." Defendant WKS Restaurant Group's Answer, Dkt. No. 7, ¶ 2.

United States District Court
Northern District of California

The Court reminds Plaintiff that he has filed a notice of appeal, Dkt. No. 80, and the court of appeals is the appropriate venue for him to seek adjudication of any disagreements with the Court's orders.  No further filings will be accepted in this closed case.

**IT IS SO ORDERED.**

Dated:   4/21/2026

HAYWOOD S. GILLIAM, JR.
United States District Judge

United States District Court
Northern District of California

5